■ In the Matter of PAUL VARIO, JR., Petitioner, v. COUNTY COURT, NASSAU COUNTY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review an order of the County Court, Nassau County, dated January 24, 1969, which adjudged petitioner in criminal contempt of court, committed in the presence of the court. Order confirmed and proceeding dismissed on the merits, without costs. Petitioner's allegation that there is no proof he was personally served with a valid subpoena to appear before the Grand Jury is without merit; the record discloses that he appeared personally before that body on December 13, 1968 and did not deny he had been personally served with a Grand Jury subpoena when the District Attorney made a statement to that effect. Similarly, at the subsequent contempt hearing before the court on January 23, 1969 both petitioner and his attorney remained silent when the District Attorney stated in open court that petitioner had been "duly subpoenaed" to appear before the Grand Jury on December 13, 1968; an objection relating to jurisdiction of the person must be raised in the trial court in order to secure notice on review (17 C.J.S., Contempt, § 119). We also concur in holding that petitioner was given the right to consult with his attorney outside the Grand Jury room with respect to questions propounded therein (cf. *People* v. *Ianiello,* 21 N Y 2d 418, 423–426) and was ably represented at the contempt proceeding. The contention that he was denied counsel of his choice both at the Grand Jury proceeding and the contempt proceeding resulting therefrom because his regular attorney was absent, being otherwise engaged, is specious and untenable; the record reveals that a member of the regular attorney's firm was present on those occasions and that the substitute attorney was experienced in criminal matters and competent to advise a

recalcitrant witness as to his rights and constitutional privileges. Petitioner was sufficiently advised as to the scope of the Grand Jury's investigation; the questions propounded, when viewed within that framework, and read in the aggregate, had a bearing on the subject matter of the investigation and were therefore relevant (cf. *Matter of Spector* v. *Allen*, 281 N. Y. 251, 258). Petitioner, having been incarcerated for contempt on two previous occasions for refusal to answer similar questions before the Grand Jury with respect to alleged illegal policy operations in Nassau County, after being granted immunity (citing *Yates* v. *United States*, 355 U. S. 66; *People* v. *Riela*, 7 N Y 2d 571), contends *inter alia* that the District Attorney is invalidly multiplying the incidence of contempts by repeatedly questioning him on the same subject of inquiry despite the fact that he has carved out his area of refusal; however, petitioner has refused to answer the questions submitted to him on separate appearances and on different days; each refusal gives rise to a separate offense; and for each offense the contemnor may be punished (*Matter of Second Additional Grand Jury of County of Kings* v. *Cirillo*, 12 N Y 2d 206). It should also be noted that the citations for contempt in July and October, 1968, were before different Grand Juries. Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.